IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY PARKER,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MATTHEW C. KRAMER, et al.,<br>　　　　　　　Defendants.<br>_____/ | CASE NO. CV-F-02-5117 AWI DLB P<br><br>FINDINGS AND RECOMMENDATIONS RE DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING<br>[Doc. 48] |

**I.      Background**

Plaintiff Terry Parker ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to District Judge Ishii's order of April 4, 2003, this action proceeds on plaintiff's equal protection claim against defendants Bird and Fox based on allegations of racial discrimination as set forth in Claims Two and Three of the second amended complaint; and plaintiff's retaliation claim against defendant Bird as set forth in Claim Five. All other claims and defendants have been dismissed. On October 18, 2004, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion seeking dismissal of this action based on plaintiff's failure to exhaust the available administrative remedies; or in the alternative, for summary judgment pursuant to Rule 56 ("Motion"). Plaintiff filed an opposition on November 10, 2004

("Opposition"). Defendants did not file a reply.

## II. Defendants' Motion to Dismiss

### A. Procedural Standards

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). On May 29, 2001, the Supreme Court of the United States rendered a decision in Booth v. Churner, 532 U.S. 731 (2001). In Booth, the Court resolved a split among the Circuit Courts by holding that 42 U.S.C. § 1997e(a) requires that inmates seeking only money damages must complete the prison's administrative process if that process can provide some sort of relief on the complaint stated, even if the process cannot provide money.[1] Booth, 532 U.S. at 734. Following the decision in Booth, prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated.[2] Booth, 532 U.S. at 741.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." See Cal. Code Regs. tit 15, § 3084.5.

The Ninth Circuit has held that section 1997e(a) of the PLRA does not impose a pleading

---

[1] The Booth v. Churner decision effectively overruled the portion of Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999), cert. denied, 120 S.Ct. 787 (2000), which provided that the exhaustion of administrative remedies was not required if a prisoner's section 1983 claim seeks only money damages and the grievance process does not allow for such an award. Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999).

[2] When the Supreme Court of the United States "applies a rule of federal law to the parties before it," as the Court did in Booth, "that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." Harper v. Virginia Dep't of Taxation, 509 U.S. 86, (1993); see also United States v. Newman, 203 F.3d 700, 701-02 (9th Cir. 2000); Jorss v. Vanknocker, No. C97-3719CRB(PR), 2001 WL 823771, at *2 (N.D. Cal. July 19, 2001) (rejecting argument that the Supreme Court's decision in Booth does not apply retroactively). Thus, the Supreme Court's holding in Booth applies even if the action was filed prior to the issuance of that decision.

requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, No. 00-16568, 2003 WL 18500, at *8 (9th Cir. Jan. 2, 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 2003 WL 18500, at *8, citing Ritza v. In'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 2003 WL 18500, at *8. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

In the present motion, defendants contend that plaintiff failed to exhaust his administrative remedies as to Claims Three and Five prior to suit as required by 42 U.S.C. § 1997e(a), which under the total exhaustion doctrine requires that the entire action be dismissed without prejudice. Court Doc. 59, 3:11-16.

  **B. Claim Three**

With regard to Claim Three, defendants submit that the allegations (race based disparate treatment, ethnic subdivisions and privileges during lockdowns at SCC) were raised in inmate appeal Log No. SCC 01-01362. See Motion, Ex. "A," Declaration of Patricia Garnica, custodian of records ("Garnica Dec.") at p. 28; Motion, Ex. "B," Declaration of N. Grannis, Chief of Inmate Appeals ("Grannis Dec.") at ¶ 11. However, defendants contend that plaintiff did not obtain a third level director's appeal decision on this appeal until April 30, 2002, after the filing of this action on January 29, 2002. Id.

In opposition, plaintiff does not contest defendants' representations regarding exhaustion. However, plaintiff objects to Mr. Grannis' declaration and states that it does not establish the appeal record. Opposition, 8:1-12. Plaintiff also argues that it would not prejudice defendants if the Court were to relieve plaintiff of the exhaustion requirement.

Defendants have met their burden as the party moving for dismissal for failure to exhaust prior to filing suit and plaintiff has failed to demonstrate that exhaustion occurred or that an exception exists. See Wyatt v. Terhune, No. 00-16568, 2003 WL 18500, at *9 (9th Cir. Jan. 2, 2003). Plaintiff may not

exhaust while the suit is pending. McKinney, 311 F.3d at 1199-1201. Exhaustion must occur prior to filing *suit*. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). In this instance, suit was filed on January 29, 2002. The appeal was not exhausted until April 30, 2002. While plaintiff objects to the declaration of N. Grannis he does not dispute the facts, which are established by Ms. Garnica's declaration, that plaintiff did not obtain a third level director's appeal decision until April 30, 2002. Garnica Dec. at 28-29. The court therefore finds that defendants are entitled to dismissal of Claim Three based on plaintiff's failure to exhaust prior to filing suit.

### C. Claim Five

With respect to Claim Five, defendants argue that the claims with respect to his removal from the MAC were raised in inmate appeal Log No. SCC-01-00065 to which plaintiff obtained a third level director's decision on December 18, 2001. Grannis Dec. ¶ 12. Defendants further argue that nowhere in this appeal does plaintiff claim that he was removed from the MAC in retaliation for filing prison grievances. Id. Defendants therefore contend that plaintiff did not exhaust his administrative remedies concerning his claim that he was removed from the MAC in retaliation fo filing grievances, prior to commencing this action on January 29, 2002.

On December 26, 2000, plaintiff signed and dated inmate appeal No. SCC 01-00065 in which he complained that Lt. Bird "abused his authority" by removing plaintiff from his position as MAC Secretary. Garnica Dec. at 13-14. Plaintiff asserted that on December 19, 2000, he was called at 0600 by Lt. Bird and that he did not respond (for good cause). He alleges that Lt. Bird then issued a chrono and instructed staff to remove plaintiff's name from the MAC roster. Plaintiff asserted that Lt. Bird had no authority to remove him from the MAC and that in doing so Lt. Bird violated his due process rights.

Inmate appeal No. SCC 01-00065 does not grieve plaintiff's claim that defendant Bird removed him from the MAC in retaliation for filing prison grievances. Plaintiff's appeal challenges defendant Bird's authority to remove him from the MAC. The appeal does not mention the assertion that plaintiff makes in his complaint that defendant Bird removed him from the MAC in retaliation for filing grievances. Satisfaction of the exhaustion requirement does not require that inmates draft grievances with the precision of an attorney, laying out every fact, identifying every defendant by name, and identifying which constitutional rights were violated by which actions or omissions. However,

4

satisfaction of the exhaustion requirement requires that inmates, in their grievances, place prison personnel on fair notice as to the events that subsequently give rise to suit. In this instance, plaintiff has submitted no evidence showing that he filed a grievance that placed prison personnel on fair notice that defendant Bird's, or any staff member's, actions in removing plaintiff from the MAC were in retaliation for filing prison grievances. Claim Five must therefore be dismissed for failure to exhaust administrative grievances prior to filing suit.

Turning to defendants' argument that because plaintiff did not exhaust all of his claims this action should be dismissed in its entirety, there is a split of authority among courts concerning whether, in a complaint containing both exhausted and unexhausted claims, the entire action or only the unexhausted claims should be dismissed. The Ninth Circuit has not yet decided this issue. Having previously considered whether or not to apply the total exhaustion rule, this court has rejected application of the rule and has instead dismissed the unexhausted claims from the complaint. Thomas v. Todd, CV-F-02-5550-REC-LJO-P (citing Hattley v. Goord, No. 02Civ.2239 (WHP)(RLE), 2003 WL 1700435, at *4-7 (S.D.N.Y. Mar. 27, 2003) and Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003)); Logan v. Doe, CV-F-02-6428-AWI-SMS-P (permission to appeal total exhaustion rule issue pursuant to 28 U.S.C. § 1292(b) granted by Ninth Circuit). Defendants have set forth no argument that persuades the court to now come to the opposition conclusion. Accordingly, the court shall recommend that only plaintiff's two unexhausted claims be dismissed from this action.

**III.   Defendant's Summary Judgment Motion**

    **A.   Procedural Standard**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance

solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id</u>. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Id</u>. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id</u>. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id</u>. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The

evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**B.    Claim Two**

Based on the court's finding that plaintiff did not exhaust the available administrative remedies prior to filing suit with regard to Claims Three and Five, the court does not reach defendant's other arguments on these claims and will only address the motion for summary judgment as to Claim Two, which defendants concede was exhausted. See Perez v. Wisconsin Dep't of Corr., 182 F.2d 532, 534 (7th Cir. 1999) (vacating judgment and remanding with instructions to dismiss for failure to exhaust in case where district court granted summary judgment to defendants on the merits and did not rule on their pending motion for dismissal based on failure to exhaust).

In Claim Two, plaintiff asserts that defendants Bird and Fox violated his equal protection rights in December 2000 by harassing inmates of African-American descent and committing racial discrimination. Second Amended Complaint (SAC) at p. 9. Specifically, plaintiff alleges that on December 16, 2000, defendant Bird approached the cells of several Black inmates for cell searches after the yard was locked down following a racial incident on December 15, 2000. Defendant did not search any White or Hispanic cells, but searched only Black inmates' cells. On December 20, 2000, an alarm went off in the prison industry area, and the prison policy is for all inmates to lay down in the prone position. After all prisoners were down, defendant Bird ordered several Black inmates to get up and go to a fenced area. Defendant then ordered several White inmates to get up and move into an area. Plaintiff alleges that no racial incident existed at the time and that defendant segregated the inmates by

race as a racially discriminatory act. Plaintiff alleges that defendant Fox "allowingly [sic] and knowingly permitt[ed] the defendant Lt. Bird to implement racist policies and acts." SAC, at p. 9.

Defendants argue they are entitled to summary judgment on Claim Two because in the prison context, fundamental rights, such as equal protection, are judged by the standard of reasonableness, specifically, whether the actions of prison officials are "reasonably related to legitimate penological interests." Walker v. Gomez, 370 F.3d 969, 974 (9th Cir. 2004), *citing* Turner v. Safley, 482 U.S. 78, 79 (1987). Defendants argue that under the "reasonableness" test set forth in Turner, defendants actions were proper.

In support of their argument, Defendant Bird declares under penalty of perjury that in August 2000, Warden Kramer issued a directive to all staff and inmates concerning cell standards. He and his staff were given expectations that all cell standards must be improved. Bird states that the cells in plaintiff's building were regularly out of compliance and to counter the problem, floor officers conducted between three and five routine cell searches, at random, on a daily basis. He states that all routine cell searches were conducted randomly, on an equal basis as to all inmates, without regard to their race and without any discriminatory intent. Bird Declaration at ¶ 7. Bird further states that during lockdowns at SCC, cell searches are based on whether or not an inmate was involved in an incident or disturbance which precipitated the lockdown and for the purpose of determining whether an involved inmate was harboring weapons, illicit drugs, or other contraband. Bird Declaration at ¶ 8. Bird has no independent recollection of the December cell inspections alleged by plaintiff but assuming they occurred, he states that they would have occurred in accordance with his routine cell inspection practice. Warden Chavez declares under penalty of perjury that even if the cell searches occurred as described by plaintiff (i.e. no searches of white inmate cells), the searches were consistent with appropriate policy and practice. Chavez Declaration ¶ 5.

With regard to the December 20, 2000 incident where plaintiff alleges that defendant Bird segregated black and white inmates, defendant Bird declares under penalty of perjury that although he has no independent recollection of the incident, assuming that it did occur, such segregation of inmates would occur for the protection of the inmates if the members of various ethnic groups were considered a threat to each other. Defendants therefore argue that defendants Bird's cell searches and segregation

of inmates, even if they occurred as alleged, were a reasonable response to the safety and security needs of the institution and therefore reasonable under Turner v. Safley, 482 U.S. 78, 79 (1987).

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must establish that defendants acted with intentional discrimination against a class of inmates which included plaintiff. Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991). Racial discrimination in prison and jails is unconstitutional under the Fourteenth Amendment except for the "necessities of prison security and discipline." Cruz v. Beto, 405 U.S. 319, 321 (1972). "When a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penalogical interests." Turner v. Safley, 482 U.S. 78, 89 (1987)

Defendants would have this court apply the deferential Turner "reasonableness test" to Defendants' actions. However, the Supreme Court has recently held that the strict scrutiny standard of review, rather than the "reasonably related to a legitimate penalogical interest" standard governs an inmate's equal protection challenge where, as here, the challenged policy is an express racial classification and therefore "immediately suspect." *See* Johnson v. California, 125 S.Ct. 1141, 1148 (2005). Defendants admit to the practice of ethnic separation of inmates during disturbances. While defendants defend the policy as a reasonable response to the safety and security needs of the institution, Johnson v. California requires defendants to prove the classification is "a narrowly tailored measure that furthers a compelling governmental interest." Johnson v. California, 125 S.Ct at 1146. The parties did not have the benefit of the Johnson decision when briefing this motion for summary judgment. Therefore, the Court will grant the parties an opportunity to re-brief the motion for summary judgment on Claim Two in light of Johnson v. California. The Court also notes for the benefit of the parties that there is currently no evidence in the record regarding the cell searches performed in plaintiff's building on December 16, 2000. Plaintiff claims that defendant Bird only searched the cells of Black inmates. Neither party has provided the Court with any specific evidence such as the number of cells searched on December 16, 2000 in relation to the number of cells in the building; the total number of Black

inmates vs. White and Hispanic inmates in the building etc. It is also unclear whether plaintiff has personal knowledge of the searches. Upon re-briefing, the parties are invited to provide supplemental evidence as they see appropriate.

IV.   Conclusion

For the foregoing reasons, the court finds that defendants are entitled to dismissal of Claims Three and Five based on plaintiff's failure to exhaust the available administrative remedies. Accordingly, the court HEREBY RECOMMENDS that defendant's unenumerated Rule 12(b) motion be GRANTED and Claims Three and Five be dismissed, without prejudice, for failure to exhaust.

The Court reserves recommendation on defendants' motion for summary judgment on Claim Two and orders defendants to provide supplemental briefing and/or evidence as discussed herein within 20 days. Plaintiff may file supplemental opposition and/or evidence within 20 days of service of defendants' supplemental briefing and defendants shall reply within 10 days of service of plaintiff's opposition.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 28, 2005**                              **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE